IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDISS FRANKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 13-CV-602-WDS |
| | ) |
| **J.C. PENNEY,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are pro se plaintiff Brandiss Franke's motions for leave to proceed *in forma pauperis* ("IFP") (Doc. 3), service of process at government expense (Doc. 4), and recruitment of counsel (Doc. 5). This is an employment-discrimination case. Plaintiff alleges that defendant discriminated against her based on her race in violation of Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, retaliated against her for filing a complaint with the EEOC, and violated the Equal Pay Act.

Regarding the motion for leave to proceed *in forma pauperis*, a federal court may authorize the commencement of a civil case without the prepayment of fees or security if the plaintiff submits an affidavit that includes a statement of all assets she possesses and showing that she is unable to pay the fees or give a security. 28 U.S.C. § 1915(a)(1). "The privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court must determine

whether the plaintiff could pay the fees and still be able to provide herself and her dependents "'with the necessities of life.'" *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The court must dismiss the case, however, if it determines that the plaintiff's allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. § 1915(e)(2); *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

The Court first considers whether plaintiff is unable to pay the fees or security to commence this case. She is currently unemployed. She has received income in the past 12 months, but does not state how much she received. Instead, she states that she is looking for a new job because her previous job did not provide her with enough hours to work. She has no money in a cash or checking account, but has a laptop worth $400. She lists a car payment as part of her expenses, but did not list the car as an item of value that she owns. Her monthly expenses include rent ($425), electricity ($100), phone ($75), insurance (($75), water ($40), gas ($40), and car payment ($220), totaling approximately $975, and she states that she is in debt due to medical bills, but does not list the amount of debt owed and to whom it is payable. She does not list any dependents for whom she provides support.

At this time, the Court does not have sufficient information to rule on plaintiff's motion to proceed IFP. Plaintiff indicated that she received income in the past 12 months, but did not, as the form requires, provide information regarding the source of money and the amount received. Plaintiff is reminded that any and all sources of income must be listed, including the amount received and any amount expected in the future. Furthermore, plaintiff indicated that she pays a car payment, but did not list her automobile under question number 5 on the form, which requires plaintiff to list such property, describe the property, and list its approximate value.

Finally, with regard to question 8, plaintiff states that she is "in debt due to medical bills." Plaintiff did not list the amount owed and to whom it is payable, as the form requires.

Accordingly, plaintiff is **DIRECTED** to file a supplement to her motion to proceed IFP, curing the above-noted deficiencies, and any other deficiencies she may discover after carefully reviewing the IFP motion and affidavit form. **Plaintiff SHALL file the supplement on or before July 22, 2013**. Plaintiff is **ADVISED** that failure to file the supplement could result in the denial of her motions.

Since she is proceeding pro se, plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and defendant informed of any change in her address. A notice of change of address must be filed within seven days of any such change occurring. Failure to do so will cause a delay in the transmission of court documents and may result in dismissal of her case for failure to prosecute. *See* Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

**DATE: July 10, 2013**

                                                  **/s/ WILLIAM D. STIEHL**
                                                       **DISTRICT JUDGE**